**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AUDREY CARTER TAYLOR, | : | |
| | : | Civil Action No. 09-4034(FLW) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WEE HEALTH CARE SERVICES, | : | |
| INC., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

AUDREY CARTER, Plaintiff pro se
P.O. BOX 2113
Trenton, New Jersey 08607

**WOLFSON, District Judge**

Plaintiff Audrey Carter Taylor (hereinafter "Plaintiff"),
brings this action in forma pauperis, alleging that the named
defendants discriminated against her with respect to her
employment. (Plaintiff's Complaint, pg. 1).  The Court has
considered Plaintiff's application for indigent status in this
case and concludes that she is permitted to proceed in forma
pauperis without prepayment of fees or security thereof, in
accordance with 28 U.S.C. § 1915(a).  However, having reviewed
the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the
reasons set forth below, this Court finds that this action should

be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff brings this action against the following defendants: Wee Care Health Services, Inc., Mitch Fools, Valarie Jones, "John" the owner, and Stanley Nerenberg of the State of New Jersey Appeal Tribunal. (Compl., pg. 1). Plaintiff alleges that, in January 2008 and July 2009, "John" the owner of Wee Care, sexually assaulted Plaintiff in the office hallway by touching her breasts and grabbing her. He also assaulted Plaintiff, on or about September 25, 2008, by shoving her into the wall. Plaintiff alleges that defendants, John, Valarie Jones (the office staffing coordinator), and Mitch Fools at Wee Care will not now rehire Plaintiff.

Plaintiff also complains that defendants, "Mitch and Valarie" failed to give her work assignments because of the owner, John. Plaintiff finally alleges that Stanley Nerenberg, her unemployment appeal examiner discriminated against her on July 30, 2009, but she does not provide any factual support for her bald claim.

Plaintiff asks to be awarded $750,000.00 for pain and suffering, lost wages, stress, and differential treatment based on gender and race.

2

**DISCUSSION**

**A.   Standard of Review**

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim.  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v.

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

4

Twombly, 550 U.S. 544 (2007), for the proposition that "[a]
pleading that offers 'labels and conclusions' or 'a formulaic
recitation of the elements of a cause of action will not do,'
"Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the
Supreme Court identified two working principles underlying the
failure to state a claim standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief."  Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 11949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this pro se
pleading must be construed liberally in favor of Plaintiff, even

5

after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).
Moreover, a court should not dismiss a complaint with prejudice
for failure to state a claim without granting leave to amend,
unless it finds bad faith, undue delay, prejudice or futility.
See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d
Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

## B.  **Failure to State a Claim**

     Plaintiff alleges that all of the defendants discriminated
against her, based on her race and gender, by not giving her work
assignments while employed at Wee Care.  It is not entirely clear
whether Plaintiff was discharged from her job, but she may have
been based on her allegation against the unemployment appeal
examiner.  This Court will construe this as an employment
discrimination claim.

     Title VII provides, in relevant part, that "[i]t shall be an
unlawful employment practice for an employer ... to discriminate
against any individual with respect to [her] compensation, terms,
conditions, or privileges of employment because of such
individual's ... sex."  42 U.S.C. § 2000e-2(a)(1).  Sexual
harassment is actionable, then, because it affects conditions of
an individual's employment and it occurs because of the
individual's sex.  Sexual harassment can take two distinct forms.
First, when a supervisor demands sexual consideration in exchange
for job benefits Katz v. Dole, 709 F.2d 251 (4th Cir. 1983)

6

actionable "quid pro quo" harassment will lie.  Spencer v.
General Electric, Co., 894 F.2d 651 (4th Cir. 1990).  The second
type of sexual harassment is that which creates an offensive or
hostile work environment ("conditions of work").  Katz, 709 F.2d
251.  Finally, retaliation for complaining of or seeking redress
of Title VII violations is also actionable.  Ross v.
Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.
1985).

Sexual harassment based on a hostile work environment exists
"where there are sexual advances, fondling or a sexually
suggestive workplace atmosphere that the claimant finds
unwelcome."  Walker v. Sullair Corp., 736 F.Supp. 94, 100
(W.D.N.C. 1990).  "Hostile work environment is characterized by a
workplace 'pervaded with sexual slur, insult and innuendo, ...
verbal sexual harassment, ... or extremely vulgar and offensive
sexually related epithets' directed to or about an employee."
Id. (quoting Katz, 709 F.2d at 254).  Kidwell v. Sheetz, Inc.,
982 F. Supp. 1177, 1182 (W.D. Va. 1997) 1179-80

Title VII of the Civil Rights Act of 1964 protects against
employment discrimination only on the basis of "race, color,
religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).
In order to state a claim for employment discrimination under
Title VII, a plaintiff must allege: (1) that she is a member of a
protected class; (2) that she is qualified for the position; (3)

that she was fired from that position or treated adversely in
that position; and (4) that the circumstances of the case give
rise to an inference of unlawful discrimination such as might
occur when the position is filled by a person not of the
protected class or when other similarly situated persons are not
treated adversely.  <u>Jones v. School Dist. Of Philadelphia</u>, 198
F.3d 403, 411 (3d Cir.1999); <u>Waldron v. SL Indus., Inc.</u>, 56 F.3d
491, 494 (3d Cir.1995).

   Here, Plaintiff does not allege any facts to show that her
employers discriminated against her on the basis of race, color,
religion, sex, or national origin.  While she may have satisfied
the first element, that she is a member of a protected class, she
has not alleged that she actually was fired from her job due to
race and gender discrimination, the third element of an
employment discharge claim.  Nor has Plaintiff alleged any facts
to show that her job was filled by a person not of her protected
class.  Consequently, Plaintiff has not alleged facts sufficient
to support the necessary elements of an employment discrimination
claim, and, the Complaint will be dismissed in its entirety
against all defendants accordingly.  <u>See Iqbal</u>, 129 S.Ct. at
1950.

**C.  <u>Sexual Assault Claim</u>**

   Plaintiff also alleges a claim of sexual assault against
defendant John the owner of Wee Care.  This claim is limited to

allegations that defendant violated state criminal laws. Therefore, this claim must be dismissed for lack of subject matter jurisdiction.

**D.   Claim Against Defendant Nerenberg**

Finally, as stated above, the Complaint merely alleges that Stanley Nerenberg, Plaintiff's unemployment appeal examiner, discriminated against Plaintiff on July 30, 2009.  This allegation is nothing more than a legal conclusion wholly unsupported by any factual allegation, which is insufficient to state a claim under Iqbal.  See Iqbal, 129 S.Ct. at 1950.

**CONCLUSION**

For the reasons set forth above, this Court will dismiss without prejudice Plaintiff's Complaint, in its entirety, as against all named defendants, for failure to state a claim upon which relief may be granted at this time.  An appropriate Order accompanies this Opinion.

                    /s/ Freda L. Wolfson
                    FREDA L. WOLFSON
                    United States District Judge
Dated: March 19, 2010